```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
COLLETTE GRAHAM,
                                              **MEMORANDUM AND ORDER**
                    Plaintiff,               14 CV 4831 (KAM)(RLM)

        -against-

METROPOLITAN DETENTION CENTER,

                    Defendant.
----------------------------------------------------------------x
```
MATSUMOTO, United States District Judge:

  Plaintiff Collette Graham ("plaintiff"), currently incarcerated at the Metropolitan Detention Center ("MDC"), brings this *pro se* complaint and alleges negligent maintenance of a fitness bicycle and inadequate medical care while a prisoner at the MDC. (*See* ECF No. 1, Complaint filed 8/12/14 ("Compl.").) As the named defendant is a federal agency, the court construes plaintiff's complaint under the Federal Tort Claim Act, 28 U.S.C. §§ 2671 *et seq.* and <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted.

  Plaintiff's claim, discussed below, against defendant MDC is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Plaintiff must timely comply with the administrative exhaustion requirements of the Bureau of Prisons, <u>see</u> 28 C.F.R. § 542.10 *et seq.*, the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), and the Federal Tort Claims Act, and timely refile a complaint in federal court.

## **Background**

  Plaintiff alleges that on June 20, 2014, she was using a fitness bike at MDC when her foot slipped, causing her to sustain a severe laceration on her shin. (Compl. at 1.) Plaintiff states that

1

the laceration was 15 inches long and was close to the bone. (Id. at 2.) Plaintiff avers that she was not seen by medical staff until July 23, 2014, and at that time she received a tetanus shot. (Id.) Plaintiff alleges that her shin is permanently scarred from her injury and that the fitness bike was negliegently maintained. (Id. at 3.) She seeks monetary damages in the amount of $350,000. (Id.)

### Standard of Review

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id.; Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); see also Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999).

Moreover, at the pleadings stage of the proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the court is required to read the plaintiff's *pro se* complaint liberally and

2

interpret it to raise the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

## Discussion

In Bivens, the Supreme Court created an implied right of action where an individual alleges a federal official violated his or her constitutional rights. Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 66 (2001). A Bivens cause of action "is the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983." Iqbal, 556 U.S. at 683. The constitutional standard of review for Bivens actions is the same as for claims brought under 42 U.S.C. § 1983. Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995).

Sovereign Immunity

The United States and its agencies have sovereign immunity from suit and can only be sued with their consent and under the terms Congress may impose. United States v. Sherwood, 312 U.S. 584 (1941); Adeleke v. United States, 355 F.3d 144, 150 (2d Cir. 2004). Without a waiver of sovereign immunity, a district court lacks subject matter jurisdiction to hear a claim. See Liranzo v. U.S., 690 F.3d 78, 84 (2d Cir. 2012) ("The United States, as sovereign, is immune from suit save as it consents to be sued ..., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.").

Bivens actions do not lie against the United States, federal agencies, or federal employees sued in their official capacities. See, e.g., FDIC v. Meyer, 510 U.S. 471, 484–86 (1994); Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994) (noting that Bivens claims "must be brought against the federal officers involved in their individual capacities.").

Thus, where a Bivens action is filed against the United States, its agencies, or its employees in their official capacities, the court lacks jurisdiction to hear the claim and the action must be dismissed. See Jordan v. Federal Bureau of Prisons, No. 09 CV 8561, 2013 WL 1143617, at *4 (S.D.N.Y. Mar. 19, 2013) (dismissing claims against BOP, a federal prison and prison officer under FRCP 12(b)(1) because sovereign immunity had not been waived and the court therefore lacked subject matter jurisdiction). Accordingly, this Court lacks subject matter jurisdiction over plaintiff's claims for monetary damages against the Metropolitan Detention Center. See 28 U.S.C. § 1915A.

A plaintiff can pursue constitutional tort claims against federal officials in their personal capacities. Robinson, 21 F.3d at 510. However, a Bivens action lies against an individual defendant only when the plaintiff can show the defendant's personal involvement in the constitutional violation. See, e.g., Iqbal, 556 U.S. at 676 ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); Thomas v. Ashcroft, 470 F.3d 491, 496 (2d Cir. 2006) ("[I]n Bivens actions, a plaintiff must allege that the individual defendant was personally involved in the constitutional violation."). Moreover, a plaintiff in federal custody must first timely exhaust administrative remedies before commencing a federal court action. See 42 U.S.C. § 1997e(a); 28 C.F.R. § 542.10 *et seq*.; Porter v. Nussle, 534 U.S. 516, 532 (2002); Torres v. Anderson, 674 F. Supp. 2d 394, 397 (E.D.N.Y. 2009). Here, plaintiff's complaint fails to allege that administrative remedies were exhausted and fails to name any individual defendant or allege any facts to support a claim that any potential Jane or John Doe defendants had any direct involvement with, knowledge of, or responsibility for the alleged

4

deprivation of plaintiff's civil rights.

    Federal Tort Claims Act

Read liberally, plaintiff's complaint may state a claim under the Federal Tort Claims Act ("FTCA").  Although the United States is generally entitled to sovereign immunity from suit, the FTCA grants subject matter jurisdiction to federal courts over claims against the United States seeking money damages for personal injury caused by the negligence of federal employees while acting within the scope of their employment.  28 U.S.C. § 1346(b)(1); see Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d 76, 80 (2d Cir. 2005).  The FTCA requires a claimant to exhaust administrative remedies prior to initiating an FTCA action in federal court, a "requirement [that] is jurisdictional and cannot be waived."  Celestine, 403 F.3d at 82.  Before initiating an FTCA action in federal district court, a claimant must file an administrative tort claim with the appropriate federal agency within two years of the date of the claim's accrual.  28 U.S.C. §§ 2401(b), 2675(a); Genao v. United States, No. 08 CV 878, 2010 WL 3328017, at *1 (E.D.N.Y. Aug. 19, 2010).  If the agency denies the claim within six months after it is filed, the claimant must then initiate an FTCA action in a district court (or seek reconsideration from the agency) within six months of the notice of denial of the claim.  Genao, 2010 WL 3328017, at *1.  If the claimant fails to timely comply with the FTCA's exhaustion requirement and timely commence an action in federal court, the claim is forever barred.  Id.; 28 U.S.C. § 2401(b).[1]  Here, there is no

---

[1] "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."  28 U.S.C. § 2401(b).

indication that plaintiff filed an administrative tort claim prior to initiating the instant action and consequently the court lacks subject matter jurisdiction over plaintiff's negligence claims.

## Conclusion

Accordingly, plaintiff's claim against the Metropolitan Detention Center is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915A. To the extent that plaintiff seeks to assert a Bivens claim against prison officials for allegedly inadequate medical treatment and negligent claims, she must first exhaust her administrative remedies. Any amended complaint filed timely in this court must name individual defendants if plaintiff wishes to pursue Bivens claims. Cruz v. Gomez, 202 F.3d 593, 597–98 (2d Cir. 2000). If plaintiff wishes to bring claims against a defendant and does not know the name of the individual, she may identify each of them as John or Jane Doe, and to the best of her ability describe each individual and the role he or she played in the alleged deprivation of plaintiff's rights. Further, plaintiff is reminded that prior to initiating an FTCA action in federal district court, she must timely file an administrative tort claim with the appropriate federal agency.

Plaintiff is advised that an amended complaint does not simply add to the first complaint. Once an amended complaint is filed, it completely replaces the original. Therefore, plaintiff must include in the amended complaint all the necessary information that was contained in the original complaint. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order.

Judgment shall enter dismissing this action. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 269 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully requested to serve a copy of this Memorandum and Order on

*pro se* plaintiff, enter judgment for defendant, and note service on the docket within two days of the date of this Order.

SO ORDERED.

                                                                          /s/
                                        KIYO A. MATSUMOTO
                                        United States District Judge

Dated: Brooklyn, New York
       September 8, 2014